IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

United S... ...
Southern ...

JUN ... 2005

Michael N. Milby, Cler..

| | | |
|---|---|---|
| NANCY DURAN MUNGIA, INDIVIDUALLY<br>AND AS REPRESENTATIVE OF THE<br>ESTATE OF JOSE ANTONIO MUNGIA,<br>DECEASED; AND AS NEXT FRIEND OF<br>DANIELL MUNGIA; JESSE EVILIO<br>MUNGIA; SAMANTHA RENE MUNGIA,<br>MINORS; AND SEVERINA GUERRA,<br><br>*Plaintiffs*,<br><br><br>VS.<br><br><br>CITY OF LAREDO, TEXAS; AGUSTIN<br>DOVALINA, III, IN HIS OFFICIAL<br>CAPACITY AS CHIEF OF POLICE FOR<br>THE CITY OF LAREDO; IVAN PEREZ,<br>IN HIS OFFICIAL CAPACITY AS<br>DEPUTY CHIEF OF POLICE FOR THE<br>CITY OF LAREDO; and OFFICER<br>J. SOTELO, INDIVIDUALLY AND IN HIS<br>OFFICIAL CAPACITY AS A CITY OF<br>LAREDO POLICE OFFICER<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | COMPLAINT FOR DAMAGES FOR<br>VIOLATIONS OF CIVIL RIGHTS<br>UNDER COLOR OF STATE LAW<br>(42 U.S.C. §§ 1983, 1985, 1988)<br><br>CIVIL ACTION NO. L-05-CV-137 |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW come NANCY DURAN MUNGIA, Individually and as Personal Representative of

the Estate of JOSE ANTONIO MUNGIA, Deceased; and as Next Friend of DANIELL MUNGIA;

JESSE EVILIO MUNGIA; SAMANTHA RENE MUNGIA, Minors; and SEVERINA GUERRA,

hereinafter referred to as Plaintiffs, and file their Original Complaint, and bring this action for

compensatory and punitive damages against CITY OF LAREDO, TEXAS; AGUSTIN DOVALINA, III, IN HIS CAPACITY AS CHIEF OF POLICE FOR THE CITY OF LAREDO; IVAN PEREZ, IN HIS OFFICIAL CAPACITY DEPUTY CHIEF OF POLICE FOR THE CITY OF LAREDO; and OFFICER J. SOTELO, INDIVIDUALLY AND IN HIS CAPACITY AS A CITY OF LAREDO POLICE OFFICER, and for causes of action would respectfully show unto the Court the following:

      1.     This action is brought pursuant to 42 U.S.C. §§1983, 1985, 1986, and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343. Plaintiffs also bring claims under state law and invoke the doctrine of pendent jurisdiction.

      2.     Venue is proper in the United States District Court for the Southern District of Texas, Laredo Division, the district in which the claim arose, pursuant to 28 U.S.C. § 1391(b)and (e). All causes of action asserted herein arose in whole or in part in Laredo, Webb County, Texas which is within the Southern District of Texas, Laredo Division.

      3.     Plaintiff, NANCY DURAN MUNGIA, is the surviving wife of Jose Antonio Mungia, Deceased; the natural mother and next friend of DANIELL MUNGIA, JESSE EVILIO MUNGIA and SAMANTHA RENE MUNGIA, the minor children of Nancy Duran Mungia and Jose Antonio Mungia. NANCY DURAN MUNGIA and is a citizen of the United States and a resident of the state of Texas, Laredo, Webb County.

      4.     Plaintiff, SEVERINA GUERRA is the surviving mother of Jose Antonio Mungia, Deceased, and is a citizen of the United States and a resident of the state of Texas, Laredo, Webb County.

5.     Defendant, CITY OF LAREDO, TEXAS (the "CITY") is a municipal corporation situated in Webb County, Texas, and is a home rule city under the provisions of Article XI, Section 5 of the Constitution of the State of Texas, and operating pursuant to the Constitution and the laws of the state of Texas.  The CITY may be served with process by serving Gustavo Guevara, Jr., City Secretary, City of Laredo, City Hall, 1110 Houston Street, 3rd Floor, Laredo, Texas 78040.

6.     AGUSTIN DOVALINA, III, CHIEF OF POLICE FOR THE CITY OF LAREDO, TEXAS, ('CHIEF DOVALINA") was the Chief of Police for the City of Laredo at the time of the occurrence complained of. CHIEF DOVALINA may be served with process at the Laredo Police Department, 4712 Maher Avenue, Laredo, Texas 78041.

7.     IVAN PEREZ, DEPUTY CHIEF OF POLICE FOR THE CITY OF LAREDO, TEXAS, ('CHIEF PEREZ") was the Deputy Chief of Police for the City of Laredo at the time of the occurrence complained of. CHIEF PEREZ may be served with process at the Laredo Police Department, 4712 Maher Avenue, Laredo, Texas 78041.

8.     Defendant, CITY OF LAREDO POLICE OFFICER J. SOTELO, ("SOTELO") is a police officer for the City of Laredo, Texas.  Defendant SOTELO may be served with process at the Laredo Police Department,  4712 Maher Avenue, Laredo, Texas 78041.

9.     Jose Antonio Mungia was a victim of Laredo police procedure, custom and policy of using excessive force in the course of apprehension, arrest, and detention of citizens, which included an authorized series of events that violated the laws of the United States, the laws of the state of Texas and common law, and the excessive force used was a direct, producing and proximate cause of Jose Antonio Mungia's injuries which caused his death and Plaintiffs' damages.

3

10.     On or about June 13, 2003, Jose Antonio Mungia sustained serious injuries from a gunshot that subsequently caused his death. OFFICER SOTELO of the Police Department of Laredo, Texas, confronted Jose Antonio Mungia after being called to Mr. Mungia's home for a suspected family violence incident. Mr. Mungia displayed a knife (dagger) and placed it against his own neck. He approached OFFICER SOTELO from approximately eight to ten feet while urging OFFICER SOTELO to shoot him (Mungia). After a few minutes of negotiation between the OFFICER SOTELO and Mr. Mungia, suddenly and without warning, OFFICER SOTELO shot twice and wounded Mr. Mungia. Mr. Mungia was transported by EMS to Mercy Hospital in Laredo, Texas, where he subsequently died during treatment from the wounds he had received from being shot by OFFICER SOTELO.

11.     Plaintiff, NANCY DURAN MUNGIA, and Jose Antonio were married at the time of the incident made the basis of this lawsuit and parents of DANIELL MUNGIA, JESSE EVILIO MUNGIA, and SAMANTHA RENE MUNGIA, minors. Plaintiff, SEVERINA GUERRA is the surviving mother of Jose Antonio Mungia, Deceased. Plaintiffs bring this suit to recover damages under the Texas Wrongful Death Act, TEX. CIV. PRAC. & REM. CODE ANN. 71.001, *et seq.* (Vernon 1997) for the wrongful death of Jose Antonio Mungia, who died on June 13, 2003, and Plaintiffs further bring suit under the Texas Survival Act, TEX. CIV. PRAC. & REM. CODE ANN. § 71.021 (Vernon 1997) for conscious pain and suffering of the said Jose Antonio Mungia, Deceased.

12.     There has been no administration upon the Estate of Jose Antonio Mungia, Deceased. Plaintiff, NANCY DURAN MUNGIA, brings this suit as Personal Representative of the Estate of such Decedent.

## COUNT I: CLAIMS PURSUANT TO 42 U.S.C. SECTION 1983

13.    Paragraphs 1 through 12 are incorporated herein by reference for all purposes.

14.    Defendants, acting under color of state law, deprived Jose Antonio Mungia of his rights, privileges and immunities secured by the Constitution of the United States, specifically those rights secured by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

15.    Under the circumstances, in shooting Mr. Mungia, OFFICER SOTELO's conduct constituted wanton, reckless, willful and malicious disregard for Mr. Mungia's safety causing his death.  As a direct and proximate result of the unlawful and malicious acts of these defendants, all acts committed under color of their authority as CITY OF LAREDO POLICE OFFICERS, Plaintiff has suffered damages resulting from the death of her husband, Jose Antonio Mungia. The actions of CITY OF LAREDO POLICE OFFICER was grossly disproportionate use of force under the circumstances and clearly unreasonable.  Defendants' acts violated Jose Antonio Mungia's civil rights, including the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States.  These very same acts also violated the Fourteenth Amendment of the Constitution of the United States and  the civil rights of Plaintiffs.

16.    Defendant CITY OF LAREDO, AGUSTIN DOVALINA, III, CHIEF OF POLICE FOR THE CITY OF LAREDO and IVAN PEREZ, DEPUTY CHIEF OF POLICE FOR THE CITY OF LAREDO, failed to provide adequate training and supervision regarding the use of excessive force for the circumstances, which was likely to result in constitutional violations.  This deliberate indifference was a proximate cause of the death of Jose Antonio Mungia and damages sustained by Plaintiffs.  The use of a police officer's weapon is a policy, regulation, and/or decision

5

officially adopted or promulgated by the CITY OF LAREDO. The failure to provide proper training and supervision regarding use of weapons amounts to a deliberate indifference and deprivation of the safety and care of the citizens of the CITY OF LAREDO and Jose Antonio Mungia, Deceased. All defendants were acting under color of state law.

17. Defendant OFFICER SOTELO, while acting under the color of state law, violated Jose Antonio Mungia's rights by depriving him of the laws of the Constitution of the United States, including the Fourth, Fifth, Eighth and Fourteenth Amendments, and his rights under the Constitution and the Laws of the State of Texas. Defendant OFFICER SOTELO, knew or reasonably should have known that his conduct violated clearly established law. Jose Antonio Mungia's death was a foreseeable event. It was directly and proximately caused from Defendant OFFICER SOTELO's deliberate indifference and use of clearly excessive and objectively unreasonable force during the course of an arrest. As a proximate cause of the Defendant OFFICER SOTELO's actions, the Plaintiffs have suffered damages as alleged herein.

## COUNT II: CLAIMS PURSUANT TO 42 U.S.C. SECTION 1985(3)

Paragraphs 1 through 17 are incorporated herein by reference for all purposes.

18. Defendants, two (2) or more of them, conspired for the purpose of:

    a.    Depriving Jose Antonio Mungia of equal protection of law;

    b.    Depriving Jose Antonio Mungia of due process of law;

    c.    Hindering the authorities from giving or securing equal protection and due process of law to all persons, all to Plaintiffs' damages as alleged herein.

18. Defendant CITY OF LAREDO, AGUSTIN DOVALINA, III, CHIEF OF POLICE FOR THE CITY OF LAREDO and IVAN PEREZ, DEPUTY CHIEF OF POLICE FOR

CITY OF LAREDO are directly liable and responsible for the acts of Defendant OFFICER SOTELO because they repeatedly and with deliberate indifference failed to enforce the laws of the state of Texas and the regulation of the CITY OF LAREDO POLICE DEPARTMENT pertaining to the use of force and deadly force by CITY OF LAREDO POLICE OFFICERS. The same Defendants espouse and condone customs and policies whereby police officers employ excessive and illegal force. Each Defendant violated Jose Antonio Mungia's rights by using excessive force paramount to deadly force as condoned by the CITY AND LAREDO POLICE DEPARTMENT, all in contravention of the equal protection laws of the United States.

19. As a proximate result of the conduct of defendants, and each of them as set forth herein, Mr. Mungia suffered mental, physical and emotional pain and suffering, resulting in his death, and was deprived of his United States Constitutional substantive rights of life, liberty and due process all of which resulted in his death and Plaintiffs' damages.

20. The CITY OF LAREDO, through its policy making officials, was so reckless and wantonly indifferent in its training through its supervision and discipline of police officers that it deliberately demonstrated a reckless disregard toward potential violations of the constitutional rights which were likely to occur from these policies or customs of the CITY. These condoned policies and customs caused the injuries and death to Mr. Mungia and damages of Plaintiffs. Mr. Mungia's death and Plaintiffs' damages were incurred as a direct and proximate result of the acts and omissions of CITY OF LAREDO and all Defendants herein.

21. The conduct of all Defendants was willful, wanton, malicious and one with an evil nature and intent and with reckless disregard for the rights and safety of Jose Antonio

7

Mungia, as well as the rights of Plaintiffs, and therefore, warrants the imposition of exemplary and punitive damages.

## COUNT III: RECOVERY OF DAMAGES

Paragraphs 1 through 21 are incorporated by reference for all purposes.

22.     By virtue of the actions and conduct of Defendants as set forth above, Jose Antonio Mungia was killed. By reason of his death and the damages flowing in law therefrom, this suit is maintained. As a result of the negligence of the Defendants, Jose Antonio Mungia, Deceased, endured conscious pain and suffering from the time of impact until his death.  He was entitled to recover damages for such, and accordingly that claim has passed to his estate.  His estate has incurred reasonable medical expenses for necessary medical care and attention as well as expenses for his funeral and burial, suitable to his station in life.  Plaintiff, NANCY DURAN MUNGIA, brings this suit to recover such damages as Personal Representative of the Estate of Jose Antonio Mungia, Deceased.

23.     Plaintiff, NANCY DURAN MUNGIA, further alleges that as a result of the injuries and subsequent death of Jose Antonio Mungia, she has suffered a loss of consortium, including a loss of household services, loss of affection, solace, comfort, companionship, society, assistance, love and felicity, and pecuniary losses in the past and will, in reasonable probability, continue to do so in the future.

24.     Plaintiff, SEVERINA GUERRA, the surviving parent of Jose Antonio Mungia, Deceased, has been damaged by the wrongful death of her son, resulting in pecuniary losses, loss of companionship and society, and mental anguish, including grief and bereavement, which she has suffered, and which she will, in reasonable probability continue to suffer in the future.

8

25.     The foregoing demonstrates that Defendants engaged in an unlawful intentional course of conduct with malice and reckless indifference to the federal and state protected rights of Jose Antonio Mungia.  OFFICER SOTELO acted willfully, intentionally and/or with a reckless and callous indifference to the civil rights of Jose Antonio Mungia.  Plaintiffs seek exemplary and punitive damages in an amount to be determined by the trier of fact.

### COUNT IV: ATTORNEYS' FEES

Paragraphs 1 through 25 are incorporated herein for all purposes.

26.     Pursuant to 42 U.S.C. § 1988, Plaintiffs request this court award Plaintiffs reasonable and necessary attorneys fees and expenses which Plaintiffs have incurred and will continue to incur during all trial and appellate court proceedings.

### JURY TRIAL REQUESTED

27.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs request a trial by jury.

WHEREFORE, Plaintiffs respectfully pray that Defendants be duly cited to appear and answer herein, and that upon final trial of this cause, Plaintiffs recover a judgment against Defendants for:

a.     General and specific damages in the amount of $5,000,000.00;

b.     Exemplary damages in the amount of $5,000,000.00 as set forth herein;

c.     Pre-judgment interest and post-judgment interest at the highest rates permitted by law;

d.     Reasonable attorneys' fees to the extent recoverable by law;

9

e.  All costs of court expended herein;

f.  All other relief, at law or in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

BRANTON & HALL, P.C.
One Riverwalk Place, Suite 1700
700 N. St. Mary's Street
San Antonio, Texas 78205
(210) 224-4474
(210) 224-1928 (Fax)

By: _____
JAMES A. HALL
Federal Bar No. 08242
SONIA M. RODRIGUEZ
Federal Bar No. 29199
ATTORNEYS FOR PLAINTIFF

G:\WPFILES\FILES.CLT\M\Mun1673\Pleadings\Mun1673-OC-1.wpd

10