O

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| NANCY DURAN MUNGIA, ET AL., § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | Civil No. L-05-137 | |
| § | | |
| § | | |
| CITY OF LAREDO, TEXAS, ET AL. § | | |
| Defendants. § | | |

<u>MEMORANDUM AND ORDER</u>

Pending is Defendant Jose Sotelo's motion for summary judgement. (Docket No. 19). The Plaintiffs have brought suit alleging that Defendant Sotelo, a police officer with the City of Laredo, used excessive force by fatally shooting Jose Antonio Mungia in violation of his constitutional rights and 42 U.S.C §§ 1983, 1985(3). In response to the motion, Plaintiffs have withdrawn the 1985(3) conspiracy claims.

<u>Summary of Facts</u>

On June 13, 2003, Mrs. Nancy Duran Mungia, Plaintiff, filed a report of assault against her husband, Jose Mungia, in the early afternoon. Later the same day, Officer Sotelo received a dispatch to a domestic violence situation at the Mungia home. When he arrived, only Mrs. Mungia was present and she stated that her husband had struck her in the back of the neck. (Docket No.

1

19, Attachment No. 2).  Officer Sotelo took Mrs. Mungia to her sister's residence where her husband was leaning against a truck near the home, apparently waiting for her. Officer Sotelo told her to take her children and get into her sister's house.  She did so and Officer Sotelo went to speak with Mr. Mungia, who had his back towards Officer Sotelo.  Officer Sotelo asked Mr. Mungia to show him his hands.  Mungia turned around and had a double edged dagger in his left hand, which he placed against his own neck. (Docket No. 19, Attachment No. 2).  He was very angry and was yelling profanity at Officer Sotelo.  Officer Sotelo backed up and attempted to maintain a 10-12 foot distance from Mungia. Officer Sotelo states that Mungia kept walking towards him and separating the dagger from his neck and then putting it back. Officer Sotelo tried to calm Mungia. (Docket No. 19, Attachment No. 2).

At this point, the evidence varies.  Officer Sotelo stated that Mr. Mungia then became "extremely angry" and "tightened the fist with which he was holding the dagger, moved the dagger away from his neck, opened his eyes wide open, and holding the dagger to the side of his neck and slightly in front of him, leaned forward and took three short quick steps towards me in an aggressive manner." (Docket No. 19, Attachment No. 2).  Sotelo became afraid that Mungia would swing the dagger and "severely

2

cut me" if he did not do something.  Officer Sotelo yelled at Mungia to stay back, but Mungia continued to "lunge toward" him. Officer Sotelo stated that "fearing for my life, I fired my service weapon to stop his attack."  This occurred at a distance of four to six feet.  Mungia then turned slightly to the right, away from Officer Sotelo with the dagger still in his hand. Officer Sotelo stated that he feared "he was still trying to take a swing at me with the dagger so I shot another round."  Mungia later died from his injuries. (Docket No. 19, Attachment No. 2).

Plaintiffs counter with the affidavit of Hermilio Gonzalez, who claims to have been an eyewitness to the incident.  He states that Mungia never took the knife away from his own neck until he hit the ground, after being shot.  He further states that Mungia did not lunge or try to run at the police officers. (Docket No. 22, Exhibit E).

<u>Summary Judgement</u>

Officer Sotelo has moved for summary judgement on the basis of qualified immunity.  Qualified immunity "shields government officials performing discretionary functions from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated."  <u>Fraire v. City of Arlington</u> 957 F.2d 1268, 1273 (5th Cir. 1992).  The Fourth Amendment grants the constitutional right

3

to be free from excessive force, and claims of excessive force are analyzed under the Fourth Amendment and its reasonableness standard.  <u>Id.</u>  Deadly force is a "subset of excessive force." <u>Bazan v. Hidalgo County</u> 246 F.3d 481, 487 (5th Cir. 2001).

In the present case, Officer Sotelo has presented evidence that, if true, would indicate that he acted in self-defense when confronted with a potential attack by Mungia.  However, if the testimony of Hermilio Gonzalez is believed, the point-blank shooting of Mungia would likely be excessive force under the circumstances.  This fact dispute cannot be resolved by summary judgement.  An issue of material fact precludes resolution of the question of qualified immunity on summary judgement.  <u>Flores v. City of Palacios</u>, 381 F.3d 391, 400 (5th Cir. 2004); <u>see</u> <u>also</u> <u>Harper v. Harris County, Texas</u>, 21 F.3d 597, 601 (5th Cir. 1994).

For the above reasons, Defendant's motion for summary judgement on the § 1983 claim is DENIED, although it is GRANTED on the § 1985 claim.  This case is now REFERRED to Magistrate Judge Diana Saldaña for plenary pre-trial handling.

DONE at Laredo, Texas, this 18th day of April, 2006.

*George P. Kazen*
_____

```
                              George P. Kazen
                        United States District Judge
```